**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Bobby IMPSON,
Defendant-Appellant.**

**No. 74–1683.**

United States Court of Appeals,
Fifth Circuit.

July 14, 1976.

Melvyn Carson Bruder, Dallas, Tex., for defendant-appellant.

Frank D. McCown, U. S. Atty., John W. Sweeney, Jr., Asst. U. S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING

(Opinion 5–10–76, 5 Cir., 1976, 531 F.2d 274)

Before THORNBERRY, SIMPSON and MORGAN, Circuit Judges.

### PER CURIAM:

■ Having been specifically directed by the Supreme Court [1] to reconsider this appeal in the light of *Hale* [2] we decline the invitation of the appellee United States [3] to hold that because this cause was tried prior to the decision in *Hale,* we should deny retroactive application of *Hale* to *Impson's* case. We are urged that *United States v. Ramirez,* 5 Cir. 1971, 441 F.2d 950, cert. denied 1971, 404 U.S. 869, 92 S.Ct. 91, 30 L.Ed.2d 113, and its progeny clearly stated the governing law in this Circuit at all times prior to the decision in *Hale.*

■ While, as pointed out by the petition, neither *Hale* nor our decision, *United States v. Impson,* 5 Cir. 1976, 531 F.2d 274, were decided on constitutional grounds,[4] nevertheless the basis for each decision was prejudice to the rights of the defendant on trial engendered by bringing to a trial jury's attention the silence of the defendant on trial in the face of post-arrest police interrogation. We adhere to our decision that, under the circumstances present, reference to James Bobby Impson's silence

1. *Impson v. United States,* 1975, 422 U.S. 1031, 95 S.Ct. 2647, 45 L.Ed.2d 688.

2. *United States v. Hale,* 1975, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99.

3. A point raised for the first time in the government's petition for rehearing.

4. Since our decision in this case, *United States v. Impson,* 5 Cir. 1976, 531 F.2d 274, the Su-

carried with it an intolerably prejudicial impact, 531 F.2d 274 at 279, paraphrasing *Hale,* supra, 422 U.S. 171 at 179, 95 S.Ct. 2133 at 2138, 45 L.Ed.2d 99 at 107.

The petition for rehearing in the above entitled and numbered cause is ordered DENIED.

preme Court has now determined in a state habeas corpus setting that the Fourteenth Amendment Due Process Clause forbids the use by the prosecution for impeachment purposes of testimony as to the accused's silence at the time of arrest and after receipt of *Miranda* warnings. See *Doyle v. Ohio,* 44 U.S.Law Week 4902, —— U.S. ——, 96 S.Ct. 2240, 49 L.Ed.2d 91, decided June 17, 1976.